# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: IGLOO PRODUCTS COOLER RECALL LITIGATION | ) ) ) C.A. No.: 1:25-cv-00298-JLH CONSOLIDATED |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE NATIONWIDE CLASS ALLEGATIONS PURSUANT TO RULE 23(d)(1)(D)

Hugh J. Marbury (#7427)
Kaan Ekiner (#5607)
**COZEN O'CONNOR**
1201 North Market St., Ste. 1001
Wilmington, DE 19801
(302) 295-2000
kekiner@cozen.com
hmarbury@cozen.com

-and-

Erica Rutner (*Pro Hac Vice*)
Michael Puretz (*pro hac vice*)
1801 N. Military Trail, Suite 200
Boca Raton, FL 33431-1810
(561) 245-6120
erutner@cozen.com

John A. Bertino (*Pro Hac Vice*)
2001 M Street NW, Suite 500
Washington, D.C. 20036
(202) 912-4800
jbertino@cozen.com

*Attorneys for Defendant Igloo Products Corp.*

Dated: November 20, 2025

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND ................................................................................................................. 1

III. LEGAL STANDARD .......................................................................................................... 2

IV. ARGUMENT ....................................................................................................................... 4

    A. The Nationwide MMWA Claim Cannot Be Certified Because the Claim Is Predicated on the Laws of All Fifty States ............................................................ 4

        1. The MMWA Claim Turns On the Laws of All Fifty States ........................... 4

        2. Applying the Laws of All Fifty States Defeats Predominance ...................... 6

    B. The Nationwide DCFA Claim Cannot Proceed Because None of the Alleged Conduct Occurred in Delaware and So No Plaintiff Can Pursue the Claim ................................................................................................................ 9

V. CONCLUSION .................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**

*Adams Pointe I, L.P. v. Tru-Flex Metal Hose Corp.*,
 2021 WL 3612155 (3d Cir. Aug. 16, 2021) .................................................................................. 6

*Almond v. Janssen Pharms, Inc.*,
 337 F.R.D. 90 (E.D. Pa. 2020) ................................................................................................ 7, 8

*Amchem Prods., Inc. v. Windsor*,
 521 U.S. 591 (1997) .................................................................................................................... 4

*Certain Underwriters at Lloyds v. Chemtura Corp.*,
 160 A.3d 457 (Del. 2017) ........................................................................................................... 5

*Chin v. Chrysler Corp.*,
 182 F.R.D. 448 (D.N.J. 1998) ..................................................................................................... 4

*Cole v. GMC*,
 484 F.3d 717 (5th Cir. 2007) ...................................................................................................... 6

*Cooper v. Samsung Elecs. Am., Inc.*,
 374 F. App'x 250 (3d Cir. 2010) ................................................................................................. 4

*Davis v. C&D Management, Inc.*,
 2020 WL 4284379 (E.D. Pa. July 27, 2020) ............................................................................... 3

*de Lacour v. Colgate-Palmolive Co.*,
 2019 WL 4359554 (S.D.N.Y. Sept. 12, 2019) ............................................................................ 7

*Eye Care Ctr. of New Jersey, PA v. Twin City Fire Ins. Co.*,
 522 F. Supp. 3d 72 (D.N.J. 2021) ............................................................................................... 9

*Fenwick v. Ranbaxy Pharms., Inc.*,
 353 F. Supp. 3d 315 (D.N.J. 2018) ......................................................................................... 6, 7

*Gen. Ceramics Inc. v. Firemen's Fund Ins. Companies*,
 66 F.3d 647 (3d Cir. 1995) ......................................................................................................... 5

*Georgine v. Amchem Prods., Inc.*,
 83 F.3d 610 (3d Cir. 1996) ......................................................................................................... 4

*In re Donald J. Trump Casino Sec. Litig.*,
 793 F. Supp. 543 (D.N.J. 1992) .................................................................................................. 9

*In re Gen. Motors Corp. Dex-Cool Prods. Liab. Litig.*,
 241 F.R.D. 305 (S.D. Ill. 2007) .................................................................................................. 6

*In re Kia Hyundai Vehicle Theft Litig.*,
 2024 WL 2104571 (C.D. Cal. Apr. 22, 2024) ............................................................................ 7

*Johnson v. Organo Gold Int'l, Inc.*,
 2016 WL 2771124 (D. Del. May 13, 2016) ................................................................................ 3

*Kaczmarek v. Int'l Bus. Machs. Corp.*,
 186 F.R.D. 307 (S.D.N.Y. 1999) ................................................................................... 7

*Kaplan v. Gen. Elec. Co.*,
 2023 WL 4288157 (D.N.J. June 30, 2023) .................................................................. 4

*Maloney v. Microsoft Corp.*,
 2011 WL 5864064 (D.N.J. Nov. 21, 2011) ......................................................... 4, 5, 6

*Marshall v. Priceline.com Inc.*,
 2006 WL 3175318 (Del. Super. Ct. Oct. 31, 2006) ..................................................... 9

*Miles v. Am. Honda Motor Co.*,
 2017 WL 4742193 (N.D. Ill. Oct. 19, 2017) ................................................................ 8

*Paoletto v. Beech Aircraft Corp.*,
 464 F.2d 976 (3d Cir. 1972) ........................................................................................ 5

*Payne v. FujiFilm U.S.A., Inc.*,
 2010 WL 2342388 (D.N.J. May 28, 2010) .............................................................. 6, 7

*Phillips Petroleum Co. v. Shutts*,
 472 U.S. 797 (1985) ..................................................................................................... 5

*Pilgrim v. Universal Health Card, LLC*,
 660 F. 3d 943 (6th Cir. 2011) ...................................................................................... 8

*Powers v. Lycoming Engines*,
 272 F.R.D. 414 (E.D. Pa. Feb. 9, 2011) ....................................................................... 6

*Richardson v. Bledsoe*,
 829 F.3d 273 (3d Cir. 2016) ........................................................................................ 3

*Schmidt Loduca v. WellPet LLC*,
 2022 WL 2304308 (E.D. Pa. June 27, 2022) ............................................................... 3

*Snyder v. Farnam Companies, Inc.*,
 792 F. Supp. 2d 712 (D.N.J. 2011) .............................................................................. 6

*Wilson v. USI Ins. Serv. LLC*,
 57 F.4th 131 (3d Cir. 2023) ......................................................................................... 9

## **Rules**

Fed. R. Civ. P. 23(a) ............................................................................................................ 2

Fed. R. Civ. P. 23(b)(3) ....................................................................................................... 2

Fed. R. Civ. P. 23(d)(1)(D .............................................................................................. 1, 3

I.  **INTRODUCTION**

Courts are empowered to strike class claims pursuant to Rule 23(d)(1)(D) of the Federal Rules of Civil Procedure (the "Rules") where discovery is unlikely to substantiate a plaintiff's class allegations. That is the case here with respect to Plaintiffs' proposed nationwide class claims.

Plaintiffs seek to bring two claims against Igloo Products Corp. ("Igloo") on behalf of a putative nationwide class: (1) a claim under the Magnuson Moss Warranty Act (the "MMWA"), and (2) a claim under the Delaware Consumer Fraud Act ("DCFA"). Neither of these claims is suitable for class treatment on a nationwide basis. The MMWA claim cannot be certified because it will necessarily be governed by the varying warranty laws of all fifty states. As courts have held time and time again, nationwide warranty claims premised on the laws of fifty states—including claims under the MMWA—do not satisfy predominance because of material variations in state laws on the elements and defenses applicable to these claims. In fact, courts have repeatedly stricken nationwide warranty claims where—as here—a defendant affirmatively requests that the court do so in advance of discovery. Further, the DCFA claim cannot be certified because there is not a single class representative who can pursue the claim in the first instance. In the absence of any suitable class representative, the nationwide DCFA claim fails on its face.

Accordingly, and as discussed in more detail below, there are no claims that Plaintiffs can pursue on a nationwide basis. The Court should therefore strike the nationwide class claims under Rule 23(d)(1)(D).

II. **BACKGROUND**

The factual allegations raised in the Consolidated Class Action Complaint ("CAC") are recounted at length in Igloo's Motion to Dismiss, filed concurrently herewith. As such, Igloo will not repeat those allegations here. In short, though, this is a putative class action alleging that all of Igloo's "Flip & Tow 90 QT Rolling Coolers" (the "Coolers") are defective because the tow handle

1

on the coolers can potentially pitch and injure consumers' fingertips. CAC at ¶ 4. Igloo conducted an expansive recall in February 2025 to address the risk of pinching and provided all consumers with a free replacement handle that remediates this risk. *Id.* at ¶¶ 5, 51. Nonetheless, Plaintiffs contend that they and all consumers overpaid for the coolers at the point of sale because of the now-remediated risk that led to the recall. *Id.* at ¶¶ 47-48. Pertinent here, Plaintiffs bring these claims on behalf of a putative nationwide class defined as "all persons who purchased or owned a Rolling Cooler in the United States." *Id.* at ¶ 119(a). Plaintiffs assert two causes of action on behalf of the putative nationwide class, namely a claim under the Magnuson-Moss Warranty Act ("MMWA") and a claim under the Delaware Consumer Fraud Act. ("DCFA") *Id.* at ¶¶ 129-54, 155-67. As discussed below, Plaintiffs cannot maintain these nationwide class claims irrespective of discovery and the Court should therefore strike the nationwide class allegations.

### III.   LEGAL STANDARD

Rule 23 governs the certification of class actions and requires that a plaintiff satisfy a variety of prerequisites before a class can be certified. In particular, a plaintiff must satisfy the following prerequisites in order to certify any type of class: (1) the class is so numerous that joinder of all members is impracticable (known as numerosity), (2) there are questions of law or fact common to the class (known as commonality), (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (known as typicality), and (4) the representative parties will fairly and adequately protect the interests of the class (known as adequacy). *See* Fed. R. Civ. P. 23(a). In addition, a plaintiff must satisfy the following prerequisites in order to certify a class that seeks damages: (1) questions of law or fact common to class members predominate over any questions affecting only individual members (known as predominance), and (2) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy (known as superiority). *See* Fed. R. Civ. P. 23(b)(3).

2

Although courts typically decide the issue of class certification after a plaintiff has taken discovery and affirmatively moves to certify the class, the Third Circuit has made clear that "nothing in the plain language of Rule 23(c)(1)(A) either vests plaintiffs with the exclusive right to put the class certification issue before the district court or prohibits a defendant from seeking early resolution of the class certification question." *Richardson v. Bledsoe*, 829 F.3d 273, 288 (3d Cir. 2016) (alterations omitted). Thus, "either party" may raise the issue of class certification to the district court. *Id.* To that end, Rule 23(d)(1)(D) provides that the court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). "This subsection has been interpreted as permitting motions to 'strike' class claims before the named plaintiffs move for certification." *Schmidt Loduca v. WellPet LLC*, 2022 WL 2304308, at *2 (E.D. Pa. June 27, 2022).

Where, as here, a motion under Rule 23(d)(1)(D) is brought before discovery, "most courts in this Circuit follow the rule that 'the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations.'" *Schmidt Loduca*, 2022 WL 2304308, at *2; *see also Johnson v. Organo Gold Int'l, Inc.*, 2016 WL 2771124, at *2 (D. Del. May 13, 2016) (same). This approach makes sense, as the plaintiffs "know best how to try their case" and can offer a "roadmap" for how the case would proceed as a class action. *See Schmidt Loduca*, 2022 WL 2304308, at *5. "Thus, a plaintiff unable to explain how discovery could 'produce persuasive information substantiating the class action allegations' is not entitled to conduct discovery prior to the court deciding whether the requirements of Rule 23 have been met." *Id.* at *2. As the court in *Davis v. C&D Management, Inc.* explained, where "no additional showing of facts or discovery

3

could cure the deficiencies" in the proposed class, "delaying [the] issue until class certification would be futile." 2020 WL 4284379, at *6 (E.D. Pa. July 27, 2020).

## IV. ARGUMENT

### A. The Nationwide MMWA Claim Cannot Be Certified Because the Claim Is Predicated on the Laws of All Fifty States

#### 1. The MMWA Claim Turns On the Laws of All Fifty States

Despite being a federal statute, "state warranty law lies at the base of all warranty claims under [the MMWA]." *Maloney v. Microsoft Corp.*, 2011 WL 5864064, at *5 (D.N.J. Nov. 21, 2011). Thus, a claim under the MMWA "depend[s] on the disposition of the underlying state law warranty claim." *Kaplan v. Gen. Elec. Co.*, 2023 WL 4288157, at *11 (D.N.J. June 30, 2023). "If there exists no actionable warranty claim [under the relevant state warranty laws], there can be no violation of the MMWA." *Id.*; *see also Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 254 (3d Cir. 2010) (not precedential). Accordingly, Plaintiffs' MMWA claim is necessarily predicated on the underlying state warranty laws that govern each putative class member's breach of warranty claims.

To assess which state laws govern each putative class member's warranty claims, the Court must conduct a choice of law analysis specific to each class member. As the Third Circuit has made clear, even in a class action, the court must "must apply an individualized choice of law analysis to each plaintiff's claims." *See Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 627 (3d Cir. 1996), *aff'd sub nom. Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997); *see also Chin v. Chrysler Corp.*, 182 F.R.D. 448, 457 (D.N.J. 1998) ("[D]ue process requires individual consideration of the choice of law issues raised by each class member's case before certification."). Indeed, it is impermissible to "take a transaction with little or no relationship to the forum and apply the law of the forum in order to satisfy the procedural requirement that there be a 'common

4

question of law.'" *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821 (1985). To that end, "[a] federal court exercising diversity jurisdiction is to apply the choice-of-law rules of the forum state." *Gen. Ceramics Inc. v. Firemen's Fund Ins. Companies*, 66 F.3d 647, 652 (3d Cir. 1995). Thus, the Court must apply Delaware's choice of law principles to the breach of warranty claims asserted by each putative class member.

Pursuant to Delaware choice of law principles, breach of warranty claims are treated as contract claims for choice of law purposes. *Paoletto v. Beech Aircraft Corp.*, 464 F.2d 976, 980 (3d Cir. 1972). "Delaware follows the Second Restatement's 'most significant relationship' analysis when considering choice of law in contract disputes." *Certain Underwriters at Lloyds v. Chemtura Corp.*, 160 A.3d 457, 464 (Del. 2017). This requires consideration of: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties." *Id.* at 465.

Applying these factors, it is clear that the laws of all fifty states will govern the nationwide MMWA claim. For each putative class member, the place of contracting, the place of negotiation, the place of performance, and the location of the subject matter of the contract are all located in the state where the individual purchased his or her respective Cooler. In fact, regardless of which states are implicated, the choice of law analysis will necessarily point to the laws of fifty different states given that the pertinent factors involve locations that are unique to each class member. Thus, consistent with the conclusion of many courts, the Court will have to assess the laws of all fifty states to adjudicate the nationwide MMWA claims. *See Maloney*, 2011 WL 5864064 (applying choice of law principles under the Restatement of Conflicts of Law to conclude that the MMWA claims were governed by "each class members' home state"); *In re Gen. Motors Corp. Dex-Cool*

5

*Prods. Liab. Litig.*, 241 F.R.D. 305, 315 (S.D. Ill. 2007) (applying choice of law principles under the Restatement of Conflict of Laws to conclude that the "the states where the members of the proposed class reside, which is where, presumably, the goods at issue were delivered and the injuries alleged by class members occurred," applied to the MMWA claims).

        2.      <u>Applying the Laws of All Fifty States Defeats Predominance</u>

"[S]tate laws regarding breach of express warranty vary widely." *Snyder v. Farnam Companies, Inc.*, 792 F. Supp. 2d 712, 720 (D.N.J. 2011). The same is true of breach of implied warranty claims. *See Maloney*, 2011 WL 5864064, at *8 (identifying "at least nine differences that occur between states"). For instance, "[s]tate laws regarding breach of express and implied warranty [] differ greatly with regard to '(1) whether plaintiffs must demonstrate reliance, (2) whether plaintiffs must provide notice of breach, (3) whether there must be privity of contract, (4) whether plaintiffs may recover for unmanifested defects, (5) whether merchantability may be presumed and (6) whether warranty protections extend to used [goods].'" *Payne v. FujiFilm U.S.A., Inc.*, 2010 WL 2342388, at *9 (D.N.J. May 28, 2010) (alteration omitted) (quoting *Cole v. GMC*, 484 F.3d 717, 726 (5th Cir. 2007)). There are also differences in, *inter alia*, how states treat limitations of remedies, buyer misuse, and assumption of risk. *See Powers v. Lycoming Engines*, 272 F.R.D. 414, 429-30 (E.D. Pa. Feb. 9, 2011).

In light of these differences, courts in this Circuit routinely decline to certify nationwide classes that assert warranty claims governed by the laws of different states—including as to nationwide MMWA claims. *See, e.g.*, *Adams Pointe I, L.P. v. Tru-Flex Metal Hose Corp.*, 2021 WL 3612155, at *4 (3d Cir. Aug. 16, 2021) (agreeing that predominance was not met on a breach of warranty claim where the plaintiffs failed to show "how the Court could 'navigate the significant variations in state law'"); *Fenwick v. Ranbaxy Pharms., Inc.*, 353 F. Supp. 3d 315, 331 (D.N.J. 2018) (denying certification of express and implied warranty claims because "differing laws of the

6

fifty states would apply"); *Payne*, 2010 WL 2342388, at *9 (denying certification of, *inter alia*, a nationwide MMWA claim due to the need to apply the laws of all fifty states); *Powers*, 272 F.R.D. at 430 (denying certification because "th[e] sampling of states' laws reveals the multiple differences affecting" implied warranty claims). In fact, "few warranty cases ever have been certified as class actions—let alone as nationwide classes." *de Lacour v. Colgate-Palmolive Co.*, 2019 WL 4359554, at *3 (S.D.N.Y. Sept. 12, 2019). This is because "[t]he application of the various state laws to each prospective class member would require individualized inquiries into the facts of each transaction" such that "common issues of law do not predominate." *Payne*, 2010 WL 2342388, at *10; *see also, e.g.*, *Fenwick*, 353 F. Supp. 3d at 331 ("[C]ommon legal issues do not predominate" with respect to express and implied warranty claims where the laws of the fifty states apply); *Kaczmarek v. Int'l Bus. Machs. Corp.*, 186 F.R.D. 307, 312-13 (S.D.N.Y. 1999) (given the "different standards and elements of proof for the claims of breach of express and implied warranty," "[c]ommon questions of law do not predominate in this case.").[1]

For this same reason, where a defendant moves to strike nationwide warranty claims, courts will routinely agree to do so absent discovery and before a plaintiff has moved for class certification. *See, e.g.*, *Almond v. Janssen Pharms, Inc.*, 337 F.R.D. 90, 100 (E.D. Pa. 2020) (striking nationwide action allegations under Rule 23d)(1)(D)); *see also In re Kia Hyundai Vehicle Theft Litig.*, 2024 WL 2104571, at *9 (C.D. Cal. Apr. 22, 2024) (striking nationwide claims, including those brought under the MMWA, because of variation in state laws and noting that courts may strike class allegations "if it is clear from the complaint that the class claims cannot be

---

[1] Notably, in the cited cases that denied motions to certify nationwide classes, the defendants waited for the plaintiffs to move for certification and did not affirmatively move to strike the class allegations. As such, unlike here, the courts in these cases did not have a reason to strike the class allegations at the outset.

7

maintained"); *Miles v. Am. Honda Motor Co.*, 2017 WL 4742193, at *5 (N.D. Ill. Oct. 19, 2017) (striking nationwide MMWA claims under Rule 23(d)(1)(D) because of variations in state laws). As the court explained in *Almond*, "variation in state law alone is sufficient to establish that 'maintenance of the action as a class is inappropriate.'" 337 F.R.D. at 100.

As in these cases, Plaintiffs' nationwide MMWA claim will be governed by the laws of fifty states and would therefore require individual treatment depending on the law that applies to each class member's claims. Some class members would be subject to a privity requirement, whereas others would not. Some class members would be subject to a notice requirement, whereas others would not. Some class members would have to demonstrate reliance, whereas others would not. Some class members would be bound by a limitation of remedies, whereas others would not. And some class members would be barred from asserting a claim if they purchased a used Cooler or if they misused their Cooler, whereas others would not. The list goes on—leading to an exponential branching of different legal and factual requirements applicable to each class member.

Under these circumstances, no amount of discovery will change the inescapable conclusion that common issues cannot predominate Plaintiffs' MMWA claim. Indeed, no discovery can change the fact that each class member's underlying warranty claims are subject to different elements and defenses depending on which state's laws apply. Nor can any discovery change the fact that these elements and defenses would have to be considered on a member-by-member basis to resolve the nationwide MMWA claims. As the court in *Pilgrim v. Universal Health Card, LLC* explained in affirming the striking of nationwide class claims subject to varying state laws, "we cannot see how discovery or for that matter more time would have helped [the plaintiffs]." 660 F. 3d 943 at 949 (6th Cir. 2011). As such, the Court should strike Plaintiffs' nationwide MMWA claim.

8

### B. The Nationwide DCFA Claim Cannot Proceed Because None of the Alleged Conduct Occurred in Delaware and So No Plaintiff Can Pursue the Claim

Plaintiffs' proposed nationwide class under the DCFA is also unworkable, but for an even simpler reason: because none of the allegedly fraudulent conduct occurred in Delaware. In fact, as discussed in detail in Igloo's contemporaneously-filed Motion to Dismiss, Plaintiffs do not allege *any connection whatsoever* between their claims against Igloo and the State of Delaware. Under these circumstances, none of the Plaintiffs can advance a claim under the Delaware Consumer Fraud Act. *See Marshall v. Priceline.com Inc.*, 2006 WL 3175318, at *2 (Del. Super. Ct. Oct. 31, 2006) ("[T]he DCFA is only applicable if the fraudulent conduct occurs within Delaware.").

Absent any named Plaintiff who can advance the DCFA claim, the claim must be dismissed as a matter of law. *See Eye Care Ctr. of New Jersey, PA v. Twin City Fire Ins. Co.*, 522 F. Supp. 3d 72, 78 (D.N.J. 2021), *aff'd sub nom. Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131 (3d Cir. 2023) (dismissing class claims "[b]ecause [the named plaintiff] fails to state an individual claim," and "its claims on behalf of a class [therefore] fail too"); *In re Donald J. Trump Casino Sec. Litig.*, 793 F. Supp. 543, 566 (D.N.J. 1992), *aff'd*, 7 F.3d 357 (3d Cir. 1993) (dismissing class claims where no named plaintiff had a viable claim because "named plaintiffs cannot represent a class of whom they are not a part"). Again, no amount of discovery can change that basic legal conclusion. Accordingly, the Court should also strike the nationwide DCFA claim.[2]

---

[2] To be sure, even had the CAC identified a plaintiff who can bring a claim under the DCFA, the nationwide DCFA claim still could not be certified because Plaintiffs do not allege that Igloo directed any of the alleged conduct from Delaware. Thus, the Court would still need to engage in an individualized analysis of each putative class member to assess whether they themselves have alleged a sufficient connection to Delaware such that they can invoke the DCFA. As such, even if there is a plaintiff with a viable claim under the DCFA, the individualized choice of law analysis that would be required precludes any nationwide DCFA claim.

## V. CONCLUSION

The MMWA claim and the DCFA claim are the only claims brought on behalf of a putative nationwide class. Because both of these nationwide claims should be stricken for the reasons stated, Plaintiffs have no nationwide claims that can survive at this stage. As such, the Court should strike the nationwide class claims in their entirety pursuant to Rule 23(d)(1)(D).

Respectfully submitted,

**COZEN O'CONNOR**

/s/ Kaan Ekiner
Hugh J. Marbury (#7427)
Kaan Ekiner (#5607)
1201 North Market St., Ste. 1001
Wilmington, DE 19801
(302) 295-2000
kekiner@cozen.com
hmarbury@cozen.com

-and-

Erica Rutner (*Pro Hac Vice*)
1801 N. Military Trail, Suite 200
Boca Raton, FL 33431-1810
(561) 245-6120
erutner@cozen.com

John A. Bertino (*Pro Hac Vice*)
2001 M Street NW, Suite 500
Washington, D.C. 20036
(202) 912-4800
jbertino@cozen.com

*Attorneys for Defendant Igloo Products Corp.*

Dated: November 20, 2025